**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Javier B.T.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; David Venturella, *Senior Official Performing Duties of Director of United States Immigration and Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; Ryan Shea, *Freeborn County Jail*; U.S. Department of Homeland Security; and U.S. Immigration & Customs Enforcement,

Respondents.

Civ. No. 26-2807 (JWB/DLM)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Elizabeth Sue Eckholm, Esq., and Nicholas Ratkowski, Esq., Ratkowski Law PLLC, counsel for Petitioner.

David W. Fuller, Esq., David R. Hackworthy, Esq., and Derek Ganzhorn, Esq., United States Attorney's Office, counsel for federal Respondents.

David John Walker, Esq., Freeborn County Attorney's Office, counsel for Respondent Ryan Shea.

---

Petitioner Javier B.T. seeks a writ of habeas corpus challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Magistrate Judge Douglas

L. Micko recommends granting the Petition and ordering Petitioner's release. (Doc. No. 14.) Respondents object. (Doc. No. 16.) Petitioner responded. (Doc. No. 18.)

De novo review is required as to the portions of the Report and Recommendation ("R&R") to which Respondents object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Respondents' objections concern whether a warrantless arrest can proceed a detention under § 1226(c) and the remedy for the unlawful arrest. But Respondents do not challenge the R&R's central conclusions that Petitioner cannot be lawfully detained under 8 U.S.C. 1226(c) without a lawful arrest and that Petitioner was not lawfully arrested.

Under 8 C.F.R. § 236.1(b), a Form I-200 authorizes a noncitizen to be arrested "[a]t the time of issuance of the notice to appear, or at any time thereafter." Respondents do not contest that Petitioner was arrested before the Notice to Appear was issued, and that he was therefore not validly arrested on a warrant as required under 8 U.S.C. § 1226(a).

The record also does not establish a lawful warrantless arrest under 8 U.S.C. § 1357(a)(2). That provision permits a warrantless arrest only when an immigration officer has reason to believe the person is in the United States in violation of immigration law *and* is "likely to escape before a warrant can be obtained." That latter requirement is not established in the record here. Petitioner entered the United States as a child and has been a lawful permanent resident since 1997. (Doc. No. 1, Petition ¶ 2.) He is married to a United States citizen and has three children. (Doc. No. 8-2.) And Petitioner was arrested

at his workplace. (Petition ¶ 4.) Respondents do not argue that he was likely to escape before a valid warrant could be obtained.

Respondents first contend the Magistrate Judge erred in concluding that a § 1226(a) arrest is the only way to arrest for purposes of a § 1226(c) detention. The Magistrate Judge did not go so far, and I do not conclude, that a noncitizen could *never* be arrested without a warrant and detained under § 1226(c). A noncitizen who meets the criteria under § 1226(c) could be arrested without a warrant if the requirements for a valid warrantless arrest under § 1357(a)(2) are satisfied. The critical point is that there must first be authority to arrest—either from § 1226(a) or § 1357(a)(2)—before the individual may be detained under § 1226(c). And here, as explained above, the record does not establish a lawful warrantless arrest under 8 U.S.C. § 1357(a)(2).

Respondents next argue that the R&R should have fully analyzed whether a proper warrantless arrest under § 1357(a)(2) occurred. The Magistrate Judge was not presented with this issue because Respondents had not raised it their habeas response. Respondents' only substantive opposition to Petitioner's warrantless arrest claim was that Petitioner was properly detained under 8 U.S.C. § 1226(c). (*See* Doc. No. 7 at 14.) That said, on de novo review, the undersigned has considered whether a proper warrantless arrest occurred and concludes that it had not.

Finally, Respondents object to release as the remedy. They argue that any defect was harmless because there has been no prejudice to Petitioner since ICE may be able to arrest him again through lawful procedures. The defect here is not just an irregularity in an administrative proceeding where the final outcome may have been unaffected. It

concerns a central issue—the legal authority for Petitioner's present physical custody. Section 1226(a) and its implementing regulation set forth when ICE can make an arrest pursuant to an administrative warrant, while § 1357(a)(2) separately defines the limited circumstances permitting an arrest without one. The record here establishes neither lawful basis for Petitioner's arrest. And Respondents' reliance on *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923), does not preempt that specific statutory problem and the statutory framework that Respondents in this case concede applies.

Petitioner does not seek to invalidate his removal proceedings because an agency failed to follow a collateral procedural requirement. He seeks habeas relief from detention that lacked a lawful predicate when it began. "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

The possibility of a future lawful arrest cannot render the present unlawful detention harmless. Authority that may permit the Government to arrest and detain Petitioner in the future does not supply authority for detention that was unlawful when initiated.

**ORDER**

Accordingly, based on all files, records, and submissions in this case,

**IT IS HEREBY ORDERED** that:

1. Respondents' Objections to the Report and Recommendation (Doc. No. 16) are **OVERRULED**.

2. The Report and Recommendation (Doc. No. 14) is **ACCEPTED IN PART and MODIFIED IN PART** as set forth above.

3. Petitioner Javier B.T.'s Petition for Writ of Habeas Corpus (Doc. No. 1) is

**GRANTED IN PART**.

4. Respondents shall immediately release Petitioner from custody and shall file notice confirming his release within 48 hours of this Order.

5. Respondents may not continue Petitioner's present detention on the basis of the December 10, 2025 Form I-200 or the arrest effected pursuant to that warrant. Nothing in this Order precludes Respondents from later arresting or detaining Petitioner pursuant to lawful authority and in compliance with applicable statutory and regulatory requirements.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: August 21, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge