**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Javier B.T.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; David Venturella, *Senior Official Performing Duties of Director of United States Immigration and Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; Ryan Shea, *Freeborn County Jail*; U.S. Department of Homeland Security; and U.S. Immigration & Customs Enforcement,

Respondents.

Civ. No. 26-2807 (JWB/DLM)

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

---

Elizabeth Sue Eckholm, Esq., and Nicholas Ratkowski, Esq., Ratkowski Law PLLC, counsel for Petitioner.

David W. Fuller, Esq., David R. Hackworthy, Esq., and Derek Ganzhorn, Esq., United States Attorney's Office, counsel for federal Respondents.

David John Walker, Esq., Freeborn County Attorney's Office, counsel for Respondent Ryan Shea.

---

The August 21, 2026 order in this matter granted in part Petitioner Javier B.T.'s habeas petition based on a finding that the record did not establish a lawful warrantless arrest under 8 U.S.C. § 1357(a)(2). (Doc. No. 21.) Respondents also had not contested

that Petitioner was arrested before the Notice to Appear was issued, and that he was therefore not validly arrested on a warrant as required under 8 U.S.C. § 1226(a). (*Id.* at 2.) Based on the arrest violations, Respondents were ordered to immediately release Petitioner from custody and file a notice confirming his release. (*Id.* at 5.)

The order also directed that "Respondents may not continue Petitioner's present detention on the basis of the December 10, 2025 Form I-200 or the arrest effected pursuant to that warrant," but also explained that "[n]othing in this Order precludes Respondents from later arresting or detaining Petitioner pursuant to lawful authority and in compliance with applicable statutory and regulatory requirements." (*Id.*)

On August 24, 2026, Respondents filed a notice indicating that Petitioner was released from custody on August 23, 2026, and was then taken into custody again on a new I-200 warrant. (Doc. No. 23; Doc. No. 23-1.)

Petitioner has now filed a Motion to Enforce Judgment seeking civil contempt because when Petitioner was released on August 23, 2026, he was "simply handed from one ICE agent to anther" and not released from custody as contemplated by the August 21, 2026 order. (Doc. No. 25 at 1.) Petitioner also argues that he was not served a warrant at the time of this re-arrest. (*Id.*) Petitioner seeks an order directing immediate re-release without conditions and an order providing that Respondents shall not re-detain Petitioner on the basis of any fact known to Respondents on or before August 21, 2026. (*Id.*)

After reviewing the parties' submissions, this Court finds that Respondents have not violated the August 21 order by releasing Petitioner and immediately re-arresting him on a new Form I-200 warrant. Respondents had previously made an unlawful warrantless

arrest, and that custodial regime was terminated upon Petitioner's release on August 23, 2026. A new custodial regime began upon his re-arrest. Any challenges to the validity of Petitioner's re-arrest must be made through the filing of a new habeas petition. Those challenges do not provide a basis to find a violation of the habeas order issued in this matter.

Accordingly**, IT IS HEREBY ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. No. 25) is **DENIED**.

Date: October 27, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge